IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BARBARA BRUNI, :
:
Plaintiff, :
:
v. : C.A. No. 09-743-LPS
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
Defendant. :

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Barbara Bruni's Motion for Reargument. (D.I. 16) ("Motion") By her Motion, Bruni asks the Court to reconsider its March 29, 2011 Order denying her motion for summary judgment and granting Defendant's cross-motion for summary judgment. (D.I. 14) Plaintiff's Motion is DENIED.

## I.    LEGAL STANDARDS

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 51195928, at *1 (D. Del. Dec.30,

1

2009); *see also Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle,* 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.,* 25 F. Supp. 2d at 295.

## II.  DISCUSSION

Bruni contends that the Court's Order on summary judgment is "founded on legal error and result[s] in manifest injustice." (D.I. 17 at 2) Specifically, Bruni argues that the Court committed clear legal error in reaching the conclusion that the Administrative Law Judge ("ALJ") adequately complied with her affirmative duty to assist the then-unrepresented Bruni in developing the facts pertinent to review of her claim for benefits. Having considered Bruni's Motion, the Court continues to believe, for the reasons set forth in its Memorandum Opinion, that the ALJ did not fail to adequately assist Bruni, both during and subsequent to the hearing. (*See* D.I. 13 at 17-22) The Court finds nothing in Bruni's Motion and Opening Brief that would justify the relief she now seeks. Accordingly, Plaintiff's Motion is DENIED.

_____<br>UNITED STATES DISTRICT JUDGE